UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HEATHER B., )<br>)<br>     *Plaintiff* )<br>)<br>v. )<br>)<br>ANDREW M. SAUL, )<br>**Commissioner of Social Security,** )<br>)<br>     *Defendant* ) | No. 2:19-cv-00484-JDL |

### REPORT AND RECOMMENDED DECISION ON MOTION TO REMAND

The commissioner moves to remand this case following the plaintiff's appeal of a November 7, 2018, decision denying her application for Social Security Disability ("SSD") and Social Security Insurance ("SSI") benefits, requesting that the court include specific language in its remand order pertaining to the reevaluation of her physical residual functional capacity ("RFC"). *See* Defendant's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant ("Motion") (ECF No. 15) at 1; Memorandum of Law in Support of Defendant's Motion . . . ("Memorandum"), commencing on page 2 of Motion, at 2. Although the plaintiff agrees that remand is appropriate, she objects that the instruction sought by the commissioner fails to properly cabin the scope of remand to the time period from December 29, 2014, her alleged onset date of disability, through November 7, 2018, the date of the decision. *See* [Plaintiff's] Opposition to the Motion to Remand ("Opposition") (ECF No. 17), at 1, 5. I agree and, accordingly, recommend that the court grant the motion but incorporate the plaintiff's proposed limitation. Should the court adopt this recommended decision, I further recommend that it deem the Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 11), moot.

## I. Discussion

The unfavorable decision from which the plaintiff appeals concerns the time period from December 29, 2014, her alleged onset date of disability, through November 7, 2018, the date of the decision. *See* Findings 2, 11, Record at 319, 331. The commissioner concedes that, "[a]fter carefully reviewing this decision," remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g)[1] is warranted. Memorandum at 2. However, the commissioner requests that the court remand the action with the following instruction:

> Upon remand, the Appeals Council will instruct the Administrative Law Judge to: further evaluate the claimant's physical residual functional capacity and describe the basis for each conclusion in the medical and nonmedical evidence; and take further action to complete the administrat[iv]e record resolving the above issues, and issue a new decision.

*Id*.

The plaintiff, fearing that an open-ended instruction would allow the commissioner "to take away, or threaten to take away," a subsequent grant of benefits effective January 1, 2019, requests that the court "properly cabin the scope of remand to the agency in this case," Opposition at 1-2, "limit[ing] the scope of the remand to [the] period 'from December 29, 2014, through November 7, 2018,' the period before the Court, rather than allowing the Commissioner to use the remand as a vehicle to reconsider the later grant[,]" *id*. at 5. She cites, *inter alia*, *Dishman v. Colvin*, No. 2:16-cv-00082-JAW, 2017 WL 238419 (D. Me. Jan. 19, 2017) (rec. dec., *aff'd* Feb. 7, 2017), *Steele v. Astrue*, No. 2:09-cv-548-DBH, 2011 WL 4635136 (D. Me. Oct. 5, 2011) (rec. dec., *aff'd* Oct. 25, 2011), and *Jameson v. Astrue*, Civil No. 09-cv-237-JD, 2010 WL 1568474

---

[1] Sentence four of section 405(g) provides:

> The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g).

(D.N.H. Mar. 15, 2010) (rec. dec., *aff'd* Apr. 14, 2010)), for the propositions that the court has authority to limit the scope of remand to the decision at issue to prevent the reopening of a later decision granting benefits and that doing so is in the interest of justice. *See id.* at 3-4.

The commissioner counters that, while he does not intend to revisit the subsequent grant of disability benefits in this case, he objects to the plaintiff's proposed language on the basis that it trenches on his power to do so, conferred by 20 C.F.R. §§ 404.987, 404.988, 416.1487, 416.1488. *See* Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Remand ("Reply") (ECF No. 18) at 1 & n.1, 3; Memorandum at 4-5.

He further contends that this "'court is without authority to so restrain the Commissioner with respect to a final decision that is not before it.'" Reply at 3 (quoting *Moquin v. Berryhill*, Case No. 3:16-cv-10876-KAR, 2017 WL 1536403, at *2 (D. Mass. Apr. 27, 2017), *appeal dismissed*, No. 17-1649 (1st Cir. Sept. 20, 2017)). *See also, e.g.*, Letter dated June 18, 2020, from Ronald W. Makawa to Christa K. Berry, Clerk of the Court (ECF No. 19) (appending *Travis H. v. Saul*, 1:19-cv-00374-NT, 2020 WL 3128906 (D. Me. June 12, 2020)); Memorandum at 4 (quoting *Dishman*, 2017 WL 238419, at *1, for the proposition that courts have "'no jurisdiction to pronounce judgment affecting a later application for benefits'").

I conclude that (i) the plaintiff's requested instruction does not trench on the commissioner's regulatory power to reopen the subsequent grant of benefits, (ii) the court has jurisdiction to limit the scope of remand to the period at issue in this appeal, and (iii) the court should exercise that power in this case.

The regulations on which the commissioner relies provide that he "may reopen a final determination or decision on [his] own initiative" in three circumstances: (i) "[w]ithin 12 months of the date of the notice of the initial determination, for any reason[,]" (ii) "[w]ithin four years of

3

the date of the notice of the initial determination if we find good cause . . . to reopen the case[,]" or (iii) "[a]t any time" in specific circumstances not claimed to be relevant here, for example, that the determination "was obtained by fraud[.]" 20 C.F.R. §§ 404.987, 404.988, 416.1487, 416.1488. The plaintiff's request to limit review on remand to the time period at issue would prevent the commissioner from using this remand as a vehicle to reopen the subsequent grant of benefits to her. However, I fail to see, and the commissioner does not explain, how it would deprive him of the power to take any of the above-listed actions with respect to a subsequent grant of benefits, if warranted, in any context apart from remand.[2]

Nor, as this court has previously found, does it lack the power to limit review on remand to the period at issue in a Social Security appeal before it. In *Dishman*, as here, the claimant sought temporal limiting instructions on remand "to forestall any possibility that, on remand, the commissioner would reexamine [a subsequent] grant of SSI benefits effective September 1, 2016." *Dishman*, 2017 WL 238419, at *1. However, in *Dishman*, the claimant sought to do so by way of "a motion to amend her complaint to limit judicial review and the entry of judgment to the period from January 19, 2012, the date of the SSI application at issue, through September 1, 2016, the effective date of a subsequent (November 11, 2016) grant of SSI benefits[.]" *Id*. The court denied

---

[2] The commissioner cites *Lyons v. Astrue*, Civil No. 3:11cv495-HEH, 2012 WL 2505184 (E.D. Va. June 4, 2012) (rec. dec., *aff'd* June 28, 2012), for the proposition that "in certain situations, limiting the scope of review on remand 'would conflict with the Commissioner's regulation[s] that permit[] the Commissioner to reopen a case.'" Reply at 3 (quoting *Lyons*, 2012 WL 2505184, at *2). *Lyons* is distinguishable in that it concerned remand of a partially favorable case in which benefits had been granted for a portion of the period at issue. *See Lyons*, 2012 WL 2505184, at *1. In any event, even in such partially favorable cases, this court and courts in other jurisdictions have issued limiting instructions to prevent the use of remand as a vehicle to reexamine a partial grant of benefits. *See, e.g., Steele*, 2011 WL 4635136, at *2 (limiting proceedings on remand to narrow issue presented on appeal to prevent reexamination of portion of decision granting benefits); *Jameson*, 2010 WL 1568474, at *2-3 (limiting scope of remand to claimant's RFC for period "from his alleged onset date of March 8, 2006, through the determined onset date of May 17, 2008" to prevent reexamination of portion of decision granting benefits). While such instructions might prevent a reexamination *on remand* that otherwise might have been permissible pursuant to the governing regulations, courts issuing such instructions have deemed it in the interest of justice to do so. *See, e.g., Steele*, 2011 WL 4635136, at *2 ("To interpret the court's order as the commissioner has done . . . would have a chilling effect on the exercise of claimants' appeal rights[.]"); *Jameson*, 2010 WL 1568474, at *3 ("The law is designed to ensure that the ALJ makes the right decision, not that the SSA [Social Security Administration] defeats the claim.").

that motion, reasoning that "the period after May 29, 2014 – the date of the adverse decision at issue[,]" was "not properly before the court" and, hence, "the court ha[d] no jurisdiction to pronounce judgment affecting [that] later application for benefits[.]" *Id*. Nonetheless, "in an abundance of caution, and in keeping with this court's precedent when claimants have raised similar concerns," the court clarified its decision by providing "that proceedings on remand shall be limited to the adverse decision dated May 29, 2014, as modified by the Appeals Council on January 19, 2016[,]" *id*., implicitly concluding that it had jurisdiction to do so.

*Moquin* and *Travis H*., cited by the commissioner, are distinguishable in that, in those cases, as in *Dishman*, claimants sought instructions limiting remand to a period *postdating* the period at issue in the case before the court. *See Moquin*, 2017 WL 1536403, at *1-2 (claimant's proposed amendment of her complaint futile when she sought "relief beyond that which the court has jurisdiction to grant" by requesting instruction "to limit review to a period that exceeds that covered by the Commissioner's decision[,]" ending on July 1, 2016, the date she was granted benefits pursuant to a subsequent application, rather than March 17, 2015, the date of the decision before the court); *Travis H*., 2020 WL 3128906, at *1-2 (claimant's proposed amendment of complaint futile when she sought the entry of judgment for the period through July 31, 2019, the day before the date on which she was determined pursuant to a subsequent SSI application to be disabled, and the court had "no jurisdiction over any action taken by Defendant after February 21, 2019[,]" the date of the adverse decision on appeal).[3]

---

[3] The commissioner cites two cases that do stand for the proposition that a court lacks jurisdiction to prevent the commissioner from using a remand to reexamine a subsequent grant of disability benefits by limiting review on remand to the time period at issue in the Social Security disability case on appeal. *See* Reply at 3, 5 (citing *Surrusco v. Berryhill*, No. 16-CV-4649 (JFB), 2017 WL 3017197 (E.D.N.Y. July 17, 2017); *Davis v. Astrue*, No. 10-cv-404-PB, 2011 WL 5006936 (D.N.H. Oct. 20, 2011)). The *Surrusco* court concluded that, because the claimant sought to preclude review of a subsequent benefits determination that was "not part-and-parcel of the decision *sub judice*," the court was "without authority to so restrain the Commissioner with respect to a final decision that is not before it." *Surrusco*, 2017 WL 3017197, at *3. Similarly, the *Davis* court reasoned that, because the claimant was "effectively

Finally, the issuance of the requested instruction is appropriate in this case. The commissioner requests, in the alternative, that the court issue an order of remand omitting the language over which the parties disagree. *See* Memorandum at 6. While the court has done so in the past, *see, e.g., Smith v. Astrue*, No. 2:12-cv-7-DBH, 2012 WL 4800176, at *1 (D. Me. Aug. 29, 2012) (rec. dec., *aff'd* Oct. 9, 2012) (claimant requested instruction to consider specific issues on remand); *Burns v. Astrue*, Civil No. 09-109-P-H, 2009 WL 4910483, at *1 (D. Me. Dec. 13, 2009) (rec. dec., *aff'd* Jan. 6, 2010) (claimant requested instruction that commissioner order, rather than suggest, that ALJ obtain consultative examinations on remand), I decline to do so in this instance. "[I]n an abundance of caution, and in keeping with this court's precedent when claimants have raised similar concerns" that the commissioner will use remand as a vehicle to revisit a subsequent favorable grant of disability benefits, *Dishman,* 2017 WL 238419, at *1, I recommend that the court remand this case with the instruction that proceedings be limited to the period at issue in the appeal before the court, namely, the period from December 29, 2014, through November 7, 2018.[4]

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** with the instruction that, "Upon remand, the Appeals Council will instruct the Administrative Law Judge to further evaluate the claimant's physical residual functional capacity and describe the basis for each conclusion in the medical and nonmedical evidence; take further action to complete the administrative record resolving the above issues; and

---

asking this court to prevent the Commissioner from consolidating" the case before the court with a subsequent case granting benefits, the court had "no jurisdiction to either authorize or preclude the Commissioner from reopening that application." *Davis*, 2011 WL 5006936, at *2. However, that such instructions have the *effect* of preventing the commissioner from revisiting a subsequent grant of benefits on remand does not strip the court of its power to cabin the scope of the remand to the time period at issue in the appeal properly before it.

[4] While the commissioner disclaims any intent to revisit his subsequent grant of disability benefits on remand in this case, *see, e.g.*, Reply at 1 n.1, his counsel acknowledged at oral argument that, in some cases, this has happened.

issue a new decision. The scope of this remand is limited to the period from December 29, 2014, through November 7, 2018." Should the court agree, I further recommend that it **DEEM** the Statement of Errors **MOOT**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of August, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

7